**2026 UT App 111**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CHRIS KENDALL VANCE JR.,
Appellant.

Opinion
No. 20240668-CA
Filed July 23, 2026

Fourth District Court, Provo Department
The Honorable Robert A. Lund
No. 221401140

Dallas B. Young and Jennifer L. Foresta,
Attorneys for Appellant

Derek E. Brown and Christopher D. Ballard,
Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

OLIVER, Judge:

¶1 Chris Kendall Vance Jr. was charged with one count of theft by receiving stolen property. Vance moved to dismiss the charge, arguing it was barred by the statute of limitations. The district court denied the motion, determining the charge was not time-barred because theft by receiving stolen property is a continuing offense. Vance entered a conditional guilty plea, reserving the right to appeal the court's ruling. We conclude theft by receiving stolen property can, in some cases, constitute a continuing offense, and it does so in this case. We therefore affirm.

BACKGROUND[1]

¶2 On September 8, 2021, law enforcement received a tip that Vance was in possession of a stolen skid steer.[2] Two officers responded to the provided address and found the skid steer "parked in a field." When the officers attempted to locate an identification number on the skid steer, they "found that the two places where the VIN number should have been had been removed or scratched off."[3]

¶3 While the officers were still examining the skid steer, Vance arrived on the scene. He "argued with" the officers, claiming that the skid steer "belonged to him and that he had owned it for four years." But Vance was unable to provide any proof of ownership. The officers were eventually "able to obtain the serial number from the engine block," which enabled them to positively identify the skid steer and confirm it had been reported

---

1. Because there was no trial in this case, our recitation of "the facts related to the underlying criminal activity" is taken from the charging information, preliminary hearing transcript, and written plea agreement. *State v. Dente*, 2025 UT App 95, n.1, 574 P.3d 528 (cleaned up), *cert. denied*, 581 P.3d 556 (Utah 2025).

2. "A skid steer is a tracked vehicle used in construction and landscaping." *Meuchel v. State*, No. 09-22-00421-CR, 2024 WL 2308045, at *1 n.1 (Tex. App. May 22, 2024).

3. As one of the responding officers explained at the preliminary hearing, pieces of heavy equipment—such as skid steers—do not have Vehicle Identification Numbers but instead have Property Identification Numbers. But because the information and the plea agreement in this case used the term "VIN number," we do likewise.

stolen. The skid steer had been missing since approximately April 2018.

¶4     On June 1, 2022, the State charged Vance with one count of theft by receiving stolen property, a third-degree felony. Vance moved to dismiss, asserting the charge was "barred by the applicable statute of limitations." Citing the general-purpose four-year statute of limitations for felony offenses established in Utah Code section 76-1-302, he argued that because the skid steer had allegedly gone missing in April 2018, the prosecution against him was barred because it had been "commenced on June 1, 2022, more than four years after" the alleged offense occurred. After holding a hearing on the matter, the district court denied Vance's motion to dismiss. It concluded the charge was not time-barred because "theft by receiving stolen property is a continuing offense in the State of Utah." The following day, Vance entered a conditional guilty plea to the crime of theft by receiving stolen property, reserving the right to appeal the court's ruling on his motion to dismiss.

## ISSUE AND STANDARD OF REVIEW

¶5     Vance asserts the district court erred in holding that theft by receiving stolen property is a continuing offense. Whether an offense is considered a continuing offense is an issue of statutory construction. *See State v. Taylor*, 2015 UT 42, ¶ 10, 349 P.3d 696. "We give no deference to the district court's ruling on such an issue and instead review it for correctness." *Id.*

## ANALYSIS

### I. Continuing Offenses

¶6     Absent certain statutory exceptions, "a prosecution for . . . a felony . . . shall be commenced within four years after it is

committed." Utah Code § 76-1-302(1)(a). A crime is considered "committed" once "every element of the offense is met." *State v. Taylor*, 2015 UT 42, ¶ 12, 349 P.3d 696 (cleaned up). But some offenses are "structured . . . in such a way that a perpetrator continues to commit the offense so long as he [or she] continues to satisfy the elements." *Id.* In such cases, "while criminal liability attaches when every element is satisfied, the statute of limitations does not begin to run until the perpetrator ceases to satisfy the elements of the crime." *Id.*

¶7 "To determine whether an offense is continuing, we turn first to the operative statute . . . ." *State v. Kay*, 2015 UT 43, ¶ 15, 349 P.3d 690, *abrogated on other grounds by State v. Stewart*, 2018 UT 24, 438 P.3d 515. "[W]e look to the plain meaning of the enacted text" and "consider[] that text in the context of the whole statute." *Taylor*, 2015 UT 42, ¶ 14. For example, in *Taylor*, our supreme court concluded theft was not a continuing offense because "the key actus reus elements of the offense—'obtaining or exercising'—are discrete acts that are satisfied instantaneously." *Id.* ¶¶ 27, 32 (cleaned up).

¶8 As yet, no appellate court in Utah has directly answered the question of whether theft by receiving stolen property is a continuing offense. In *Taylor*, the court acknowledged in a footnote that unlike theft, theft by receiving stolen property "includes an actus reus element of retaining stolen property." *Id.* ¶ 26 n.31 (cleaned up). It went on to state, in dicta, "This case would be different if that provision were at issue." *Id.* So with that starting point in mind, we first turn to the text of the statute and then to the facts of the present case.

A.   Theft by Receiving Stolen Property

¶9 Utah's theft by receiving stolen property statute is violated by a person who

> receives, retains, or disposes of the property of another knowing that the property is stolen, or believing that the property is probably stolen, or who conceals, sells, withholds, or aids in concealing, selling, or withholding the property from the owner, knowing or believing the property to be stolen, intending to deprive the owner of the property.

Utah Code § 76-6-408(2).[4] The statute is much broader than its title initially suggests, encompassing multiple possible actus rei. Some of these actus rei "are discrete acts that are satisfied instantaneously," *Taylor*, 2015 UT 42, ¶ 27, but some are not. Based on such differences in the statute, we conclude that whether theft by receiving stolen property constitutes a continuing offense is a fact-specific question that depends on the actus reus at issue. In this case, based on the factual admissions of Vance's plea, "receiv[ing]" and "retain[ing]" are at issue. *See infra* ¶¶ 16–17.

¶10 The plain meaning of the term "receives" does not indicate a continuing offense. *See Receive*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/receive [https://perma.cc/CEF7-EVP6] (defining "receive" as "to come into possession of"). The statute itself defines "receives" to mean "acquiring possession, control, title, or lending on the security of the property." Utah Code § 76-6-408(1)(a)(iv). Receiving—or acquiring possession or control of—a piece of stolen property is an act that necessarily occurs at a single point in time.

---

4. We cite the current version of the statute because the actus rei for the crime remain the same. But we note that the beginning of that statutory provision was changed to state, "An actor commits theft by receiving stolen property if the actor . . . ," instead of, "A person commits theft if the person . . . ." *Compare* Utah Code § 76-6-408(2) (2025), *with id.* § 76-6-408(2) (2022).

¶11 By contrast, the term "retains" denotes a continuing offense. While not defined in the statute, the plain meaning of that term contemplates an act that is ongoing by its nature. *See Retain*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/retain [https://perma.cc/MFJ3-A4TU] (defining "retain" as "to keep in possession or use"). One can retain a piece of stolen property for any number of days, weeks, or years. Indeed, one could even retain it indefinitely.

¶12 Thus, in cases where a defendant commits the offense by *receiving* stolen property, it is not a continuing offense. But in cases where a defendant commits the offense by *retaining* stolen property, that offense will be deemed a continuing offense.[5]

¶13 Vance resists this conclusion. Pointing to *State v. Hummel*, Vance argues that theft by receiving stolen property can never be a continuing offense. 2017 UT 19, 393 P.3d 314. In *Hummel*, when addressing a jury unanimity challenge, our supreme court held that "in Utah there is a single crime of theft" and, thus, the diverse variants of theft laid out in Utah Code sections 76-6-404 through 76-6-410 were merely "illustrative ways that the single crime of theft may be committed." *Id.* ¶ 19 & n.6 (cleaned up). For example, the court opined that theft, theft by deception, and theft by extortion "are not and cannot logically be separate offenses." *Id.* ¶ 21. Reading *Hummel* in conjunction with *Taylor*, Vance concludes that if theft by receiving stolen property is merely a manner of committing theft, then it cannot constitute a continuing

---

5. The State argues that "conceal[ing]" and "withhold[ing]" also denote a continuing offense. *See* Utah Code § 76-6-408(2). But neither of those actus reus elements of the statute is before us, so we decline to address either of those questions "until we are squarely presented with the issue." *State v. Webster*, 2001 UT App 238, ¶ 23 n.3, 32 P.3d 976.

offense because theft is not a continuing offense. We view the interplay between the two decisions differently.

¶14    Although *Hummel* was decided in 2017, two years after the court issued its decision in *Taylor*, *Hummel* makes no mention of *Taylor*. Nor does it make any mention of theft by receiving stolen property. Indeed, while both cases examined Utah's theft statutes, the two cases involved very different contexts—*Hummel* addressed jury unanimity while *Taylor* addressed the applicable statute of limitations. Thus, the supreme court in *Hummel* had no need to examine the court's previous expression in *Taylor* of a distinction between theft and theft by receiving stolen property for statute-of-limitations purposes.[6] But even if it had, it is not clear to us that there is actual tension between the two decisions because the statute of limitations is not the same as the constitutional requirement for unanimity, it is "a filing deadline in a district court." *State v. Rettig*, 2017 UT 83, ¶ 58 n.13, 416 P.3d 520 (cleaned up). And as explained above, there is a meaningful difference between the various actus rei enumerated in the theft by receiving stolen property statute when applying the statute of

---

6. *State v. Hummel* was also premised, at least in part, on statutory language that has since changed. 2017 UT 19, 393 P.3d 314. When *Hummel* was decided, the theft by deception and theft by extortion statutes did "not establish a separate crime" but rather "define[d] the crime of *theft*." *Id.* ¶¶ 59–60 (citing Utah Code § 76-6-405(2)(a) (2012) ("A person commits theft if . . . ."); *id.* § 76-6-406(1) (1973) ("A person is guilty of theft if . . . .")). But those provisions were amended in 2023, and they now refer to an actor committing "theft by deception" and "theft by extortion" instead. *See* Utah Code § 76-6-405(2)(a); *id.* § 76-6-406(2). The same is true for theft by receiving stolen property. *See id.* § 76-6-408(2) ("An actor commits *theft by receiving stolen property* if . . . .") (Emphasis added).

limitations. Accordingly, we decline to extend *Hummel* as Vance suggests.

B.     Application

¶15     Vance asserts that even if theft by receiving stolen property can be a continuing offense, it is not one in *his* case because the only actus reus at issue is the act of "receiving" stolen property. We are not persuaded.

¶16     Vance argues that his actions here could not constitute a continuing offense. When Vance pleaded guilty, he admitted he "came into possession of the skid steer no later than March or April of 2018." Relying on that admission, he argues his "receipt of the skid steer" was completed no later than April 30, 2018, and it would be "absurd" to view him as having "perpetually received the skid steer" beyond that date.

¶17     But in making this argument, Vance ignores his other factual admissions. Of consequence here, he admitted that when the skid steer was located on September 8, 2021, he "argued with police that *it belonged to him* and that *he had owned it for four years*." (Emphasis added.) If Vance (1) "came into possession of" the skid steer no later than April 2018, (2) claimed to be in possession of the skid steer in September 2021, and (3) alleged continuous ownership of the skid steer for the entire intervening period, then it necessarily follows that he "retained" the stolen skid steer.

¶18     Thus, on the facts of this case, we conclude Vance admitted to "retaining" stolen property, a continuing offense that did not cease to be committed until September 8, 2021. Accordingly, the State's prosecution, commenced on June 1, 2022, was not barred by the statute of limitations.

CONCLUSION

¶19    Whether theft by receiving stolen property is considered a continuing offense depends on the actus reus involved in a particular case. Because Vance was charged with and admitted to facts that constitute a continuing offense—namely, "retaining" stolen property—we affirm the district court's denial of Vance's motion to dismiss.

_____